### GERALD WALTER v. THE STATE.

No. 4234. Decided October 25, 1916.

#### 1.—Local Option—Sufficiency of the Evidence.

Where, upon trial of a violation of the local option law, the evidence sustained the conviction, there was no reversible error.

#### 2.—Same—Continuance—Waiver.

Where the court overruled the application for a continuance, but recessed and issued attachments for the absent witnesses, and offered to postpone the case until next morning, which offer was not accepted, and the trial proceeded, there was no reversible error.

#### 3.—Same—Bill of Exceptions—Affidavits—Practice.

Affidavits filed after the trial can not be considered as a bill of exceptions by the trial court or reviewed by this court.

Appeal from the District Court of Bowie.   Tried below before the Hon. H. F. O'Neal.

Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

·*J. S. Crumpton* and *Joe Hughes,* for appellant. ·

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—This is an appeal from a conviction for violating the prohibition law in making a sale of intoxicating liquor.   The evidence by the State's witness was amply sufficient to sustain the conviction.   Appellant did not testify.

He made a motion for a continuance, which the court overruled, in the morning when the case was first called for trial.   The court immediately had issued an attachment and sent an officer after the witnesses to Texarkana, about twenty-one miles distant.   The trial proceeded until some time in the afternoon.   The court thereupon recessed to await the arrival of appellant's witnesses, who were expected to be brought in by the officer under the attachment.   After being thus at recess for one hour, one of appellant's attorneys, according to their statement, informed the judge that none of their witnesses had appeared, and that he would be forced to close without offering any testimony, and thereupon the trial proceeded and was concluded without his witnesses.   We have carefully read appellant's motion for a continuance and the proposed testimony of his absent witnesses, and think the court was correct when he stated, at the time he overruled their motion for a continuance, that their testimony would be immaterial.

In allowing their bill of exceptions to his action in overruling their motion for a continuance, the court did so with this qualification: "I approve and order filed this bill of exception with the explanation I offered to postpone the case until the next morning to give defendant time to get his witnesses from Texarkana, a distance of twenty-three miles.   This offer was not accepted by defendant and defendant closed."

Appellant, after accepting and filing this bill as qualified, undertook to contest the qualification by the affidavit of his attorneys.   In their affidavit they stated in substance that, after the State introduced its testimony in chief, they renewed their application for a continuance, which the court overruled, but stated that they would recess for a while and maybe their witnesses would appear.   That after the court had been in recess for an hour, one of appellant's attorneys, Mr. Hughes, informed the court that none of his witnesses had appeared, and that he would be forced to close without offering any testimony, and thereupon the trial proceeded and was concluded.   They claimed that this was all that occurred in this connection.   The district judge, the district attorney and the deputy sheriff who was in attendance and waited ·

upon the court at the time, each and all swore positively that the court, as stated in his qualification quoted above, did offer to postpone the case until the next morning and give defendant time to get his witnesses, but that the offer was not accepted, and the defendant closed the case. Under the circumstances, we must take the judge's said qualification as true, and, therefore, the judge's action in overruling their motion for a continuance presents no error.

The affidavit of appellant's attorneys, as stated, together with the affidavits of three other persons appended thereto, under the circumstances, was correctly refused as a bill of exceptions by the trial judge and can not be considered by us as such. Under the circumstances stated, it is a mere contest of the judge's said qualification to their bill.

No other error is pointed out.

The judgment is affirmed.

*Affirmed.*